UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

TAN LIU,

Defendant.

Case No. **16-CR-079**

[Title 18, United States Code, Sections 1832(a)(1), (2), and (3)]

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES:**

1. At all times material to this Indictment:

    a. Rockwell Automation Inc. ("Rockwell") manufactured and sold integrated control and information systems used by automated systems in various industries. Rockwell was headquartered in Milwaukee, Wisconsin.

    b. The Allen Bradley Operating System ("ABOS") was Rockwell proprietary computer code used in Rockwell automation controllers and programmable logic controllers.

    c. NEO Platform was the term used to describe both the latest generation of Rockwell Input/Output ("I/O") devices, and the embedded proprietary computer code used to operate the I/O devices.

d.  NetLinx was Rockwell's proprietary computer code that enabled communication between devices, like an automation controller and an I/O device, on a Rockwell industrial network. NetLinx code is used in Rockwell network connected products.

e.  Defendant TAN LIU worked at Rockwell between March 31, 2014, and November 4, 2014. LIU was as a Senior Embedded Software Engineer while employed at Rockwell.

f.  Beginning no later than August 24, 2014, defendant TAN LIU began seeking employment at Company A.

g.  On or about September 15, 2014, and on or about September 25, 2014, defendant TAN LIU interviewed for employment at Company A.

h.  On or about October 9, 2014, Company A offered to employ defendant TAN LIU as a Senior Staff Engineer.

i.  On or about October 11, 2014, defendant TAN LIU accepted the offer of employment from Company A.

j.  On or about November 4, 2014, defendant TAN LIU resigned from Rockwell.

k.  Between on or about September 4, 2014, and November 4, 2014, defendant TAN LIU downloaded approximately 2,500 electronic files that contained Rockwell proprietary information to electronic storages devices. The electronic storage devices were not owned by Rockwell or issued to defendant TAN LIU by Rockwell. Certain files downloaded by defendant TAN LIU contained Rockwell trade secrets related to ABOS, NetLinx, and the NEO Platform.

1.  The term "trade secret" is defined by Title 18, United States Code, Section 1839(3).

2.  Between on or about October 7, 2014, and November 7, 2014, in the state and Eastern District of Wisconsin,

**TAN LIU,**

with intent to convert a trade secret, that was related to a product used in and intended for use in interstate and foreign commerce, to the economic benefit of someone other than the owner of the trade secret, and intending and knowing that the offense would injure the owner of the trade secret knowingly did the following:

   a. without authorization appropriated, took, carried away, and concealed a Rockwell trade secret;

   b. without authorization copied, duplicated, downloaded, and replicated a Rockwell trade secret; and

   c. possessed a Rockwell trade secret knowing the trade secret had been stolen, and appropriated, obtained, and converted without authorization.

3.  The Rockwell trade secret was the file NEO2P1_ASIC_FS_V01.docx that related to the NEO Platform.

In violation of Title 18, United States Code, Sections 1832(a)(1), (2), and (3).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES:**

1. The allegations in paragraph 1 of Count One of this Indictment are realleged and incorporated herein by reference.

2. Between on or about October 7, 2014, and November 7, 2014, in the state and Eastern District of Wisconsin,

**TAN LIU,**

with intent to convert a trade secret, that was related to a product used in and intended for use in interstate and foreign commerce, to the economic benefit of someone other than the owner of the trade secret, and intending and knowing that the offense would injure the owner of the trade secret knowingly did the following:

    a. without authorization appropriated, took, carried away, and concealed a Rockwell trade secret;

    b. without authorization copied, duplicated, downloaded, and replicated a Rockwell trade secret; and

    c. possessed a Rockwell trade secret knowing the trade secret had been stolen, and appropriated, obtained, and converted without authorization.

3. The Rockwell trade secret was the file 2332_NEO_ESW_HLDD_MA Digital Safety IO_1pt0m.docx that related to the NEO Platform.

In violation of Title 18, United States Code, Sections 1832(a)(1), (2), and (3).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES:

1. The allegations in paragraph 1 of Count One of this Indictment are realleged and incorporated herein by reference.

2. Between on or about October 15, 2014, and November 7, 2014, in the state and Eastern District of Wisconsin,

**TAN LIU,**

with intent to convert a trade secret, that was related to a product used in and intended for use in interstate and foreign commerce, to the economic benefit of someone other than the owner of the trade secret, and intending and knowing that the offense would injure the owner of the trade secret knowingly did the following:

    a. without authorization appropriated, took, carried away, and concealed a Rockwell trade secret;

    b. without authorization copied, duplicated, downloaded, and replicated a Rockwell trade secret; and

    c. possessed a Rockwell trade secret knowing the trade secret had been stolen, and appropriated, obtained, and converted without authorization.

3. The Rockwell trade secret was computer code contained in the file Main.cpp that related to the NEO Platform.

In violation of Title 18, United States Code, Sections 1832(a)(1), (2), and (3).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES:**

1. The allegations in paragraph 1 of Count One of this Indictment are realleged and incorporated herein by reference.

2. Between on or about October 15, 2014, and November 7, 2014, in the state and Eastern District of Wisconsin,

**TAN LIU,**

with intent to convert a trade secret, that was related to a product used in and intended for use in interstate and foreign commerce, to the economic benefit of someone other than the owner of the trade secret, and intending and knowing that the offense would injure the owner of the trade secret knowingly did the following:

    a. without authorization appropriated, took, carried away, and concealed a Rockwell trade secret;

    b. without authorization copied, duplicated, downloaded, and replicated a Rockwell trade secret; and

    c. possessed a Rockwell trade secret knowing the trade secret had been stolen, and appropriated, obtained, and converted without authorization.

3. The Rockwell trade secret was computer code contained in the file CIP_ExplicitMessage.c that related to NetLinx

In violation of Title 18, United States Code, Sections 1832(a)(1), (2), and (3).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES:**

1. The allegations in paragraph 1 of Count One of this Indictment are realleged and incorporated herein by reference.

2. Between on or about October 15, 2014, and November 7, 2014, in the state and Eastern District of Wisconsin,

**TAN LIU,**

with intent to convert a trade secret, that was related to a product used in and intended for use in interstate and foreign commerce, to the economic benefit of someone other than the owner of the trade secret, and intending and knowing that the offense would injure the owner of the trade secret knowingly did the following:

    a. without authorization appropriated, took, carried away, and concealed a Rockwell trade secret;

    b. without authorization copied, duplicated, downloaded, and replicated a Rockwell trade secret; and

    c. possessed a Rockwell trade secret knowing the trade secret had been stolen, and appropriated, obtained, and converted without authorization.

3. The Rockwell trade secret was computer code contained in the file CRC_Parity.c that related to NetLinx.

In violation of Title 18, United States Code, Sections 1832(a)(1), (2), and (3).

## COUNT SIX

**THE GRAND JURY FURTHER CHARGES:**

1. The allegations in paragraph 1 of Count One of this Indictment are realleged and incorporated herein by reference.

2. Between on or about October 15, 2014, and November 7, 2014, in the state and Eastern District of Wisconsin,

**TAN LIU,**

with intent to convert a trade secret, that was related to a product used in and intended for use in interstate and foreign commerce, to the economic benefit of someone other than the owner of the trade secret, and intending and knowing that the offense would injure the owner of the trade secret knowingly did the following:

    a. without authorization appropriated, took, carried away, and concealed a Rockwell trade secret;

    b. without authorization copied, duplicated, downloaded, and replicated a Rockwell trade secret; and

    c. possessed a Rockwell trade secret knowing the trade secret had been stolen, and appropriated, obtained, and converted without authorization.

3. The Rockwell trade secret was computer code contained in the file SafetyValidatorMsg.c that related to NetLinx.

In violation of Title 18, United States Code, Sections 1832(a)(1), (2), and (3).

## COUNTS SEVEN THROUGH TWELVE

### THE GRAND JURY FURTHER CHARGES:

1. The allegations in paragraph 1 of Count One of this Indictment are realleged and incorporated herein by reference.

2. On or about November 7, 2014, in the state and Eastern District of Wisconsin,

### TAN LIU,

with intent to convert a trade secret, that was related to a product used in and intended for use in interstate and foreign commerce, to the economic benefit of someone other than the owner of the trade secret, and intending and knowing that the offense would injure the owner of the trade secret knowingly possessed a Rockwell trade secret knowing the trade secret had been stolen, and appropriated, obtained, and converted without authorization.

3. The Rockwell trade secrets possessed by defendant TAN LIU without authorization are set forth below:

| COUNT | Trade Secret File Name | Rockwell Application/Product |
|---|---|---|
| **SEVEN** | osmain.cpp | ABOS |
| **EIGHT** | ostmgmt.cpp | ABOS |
| **NINE** | frmCompare.cpp | ABOS |
| **TEN** | ssvSafetySupervisorInst.cpp | NEO Platform |
| **ELEVEN** | ValSafetyValidatorInst.cpp | NEO Platform |
| **TWELVE** | comLibCrc.cpp | NEO Platform |

In violation of Title 18, United States Code, Section 1832(a)(3).

# FORFEITURE NOTICE

1. Upon conviction of one or more of the theft of trade secrets offenses, in violation of Title 18, United States Code, Section 1832, set forth in Counts One through Twelve of this Indictment, the defendant, Tan Liu, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1834 and 2323, any property used, or intended to be used, in any manner or part, to commit or facilitate the commission of the offense or offenses; and any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of the offense or offenses. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from or obtained as a result of the offense or offenses.

2. If any of the property described above, as a result of any act or omission of the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 1834 and 2323(b)(2).

A TRUE BILL:

FOREPERSON

Dated: 05-24-2016

GREGORY J. HAANSTAD
United States Attorney